UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JOHNNY BERNARD YANKAWAY,

    Plaintiff,

v.                                                                         Case No. 5:18cv43-MCR-CJK

REBECCA L. NORRIS,

    Defendant.
_____/

REPORT AND RECOMMENDATION

On February 20, 2018, the undersigned entered an order (doc. 2) advising plaintiff that in the event he wished to proceed with a lawsuit in federal court, he was required to file a complaint on the Northern District of Florida's court-approved form. The undersigned also noted that plaintiff had neither paid the $400.00 filing fee nor submitted a motion to proceed *in forma pauperis* and advised that plaintiff's case could proceed until he either paid the filing fee or filed a properly completed *in forma pauperis* motion.

The undersigned directed the clerk of court to send plaintiff a civil rights complaint form and a complete set of forms needed for filing a motion to proceed *in forma pauperis* and allowed plaintiff 30 days in which to file an amended complaint and either submit payment in the amount of $400.00 or file the completed motion to proceed *in forma pauperis*. The undersigned advised that failure to comply with the order as instructed would result in a recommendation that the case be dismissed for failure to prosecute and/or failure to comply with an order of the court.

After more than 30 days passed and plaintiff had not complied, the undersigned entered an order (doc. 3) directing plaintiff to show cause within 14 days why the matter should not be dismissed for failure to prosecute and/or failure to comply with an order of the court. Plaintiff filed a Cover Letter and Sworn Affidavit (doc. 4), which the undersigned construed as a motion for an extension of time to respond to the show cause order. *See* doc. 5. The undersigned allowed plaintiff 14 days from the date of the order in which to comply with the show cause order and/or file an amended complaint and motion to proceed *in forma pauperis* in proper form.

After more than 14 days passed and plaintiff had not complied, the undersigned entered another show cause order (doc. 6), directing plaintiff to show cause within 14 days why the matter should not be dismissed for failure to prosecute and/or failure to comply with an order of the court. The undersigned advised that should plaintiff fail

to do so, the undersigned would recommend, without further notice, that the matter be dismissed.

Plaintiff filed another Cover Letter and Sworn Affidavit (doc. 7), attributing his inability to comply with the undersigned's orders to the alleged confiscation of his legal documents. The undersigned thus entered another show cause order (doc. 8), finding plaintiff had failed to show sufficient cause why the matter should not be dismissed – specifically, that although plaintiff had offered an explanation as to his inability to timely comply with the court's orders regarding the filing of an amended complaint, he had not given any indication the circumstance would change and render him able to prosecute this action. The undersigned also noted plaintiff had provided no explanation for his failure to either pay the filing fee or file a motion to proceed *in forma pauperis*. The undersigned allowed plaintiff 14 days in which to do so and advised that should he fail to timely comply, the undersigned would recommend, without further notice, that the matter be dismissed for failure to prosecute and/or failure to comply with an order of the court.

More than 14 days have passed and plaintiff has not complied. Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE for plaintiff's failure to prosecute and/or failure to comply with an order of the court.

2.  That the Clerk be directed to close the file.

At Pensacola, Florida this 8th day of June, 2018.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  See U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 5:18cv43-MCR-CJK